Vilma SZAKACS and John Szakacs, Plaintiffs,

v.

ANHEUSER–BUSCH COMPANIES, INC. d/b/a Busch Entertainment Corp. d/b/a Busch Gardens, Defendants.

Civ. No. H 85–252.

United States District Court,
N.D. Indiana,
Hammond Division.

Oct. 10, 1986.

Patrick A. Schuster, Merrillville, Ind., for plaintiffs.

Robert D. Hawk, Gregory J. Tonner, Merrillville, Ind., for defendants.

### ORDER

ANDREW P. RODOVICH, United States Magistrate.

This matter is before the Court on the Motion of Defendants to Dismiss the Complaint filed on August 30, 1985. For the reasons set forth below, the Court now finds that it lacks personal jurisdiction over the defendants.

· On March 11, 1985, the plaintiffs, Vilma Szakacs and John Szakacs, filed a complaint against the defendants, Anheuser-Busch Companies, Inc. d/b/a Busch Entertainment Corp. d/b/a Busch Gardens, invoking the diversity jurisdiction of this Court. 28 U.S.C. § 1332. The plaintiffs allege that they were visiting Busch Gardens in Florida and that Mrs. Szakacs tripped and fell on a dangerous and defective sidewalk causing serious personal injuries. Pursuant to Federal Rule of Civil Procedure 12(h)(1), the defendants preserved their challenge to this Court exercising personal jurisdiction over them by raising that issue as an Additional Defense in their Answer. See also: *Giotis v. Apollo of the Ozarks, Inc.*, 800 F.2d 660, 663 (7th Cir.1986). The August 30, 1985 Motion to Dismiss renews the challenge to the personal jurisdiction.

Both parties have filed several affidavits in support of their respective positions. To a limited extent, the affidavits raise factual disputes. In determining whether this Court has personal jurisdiction over the defendants, any factual disputes must be resolved in favor of the plaintiffs. *Deluxe Ice Cream Company v. R.C.H. Tool Corporation*, 726 F.2d 1209, 1215 (7th Cir. 1984); *Nelson v. Park Industries, Inc.*, 717 F.2d 1120, 1123 (7th Cir.1983); and *International Steel Company v. Charter Builders, Inc.*, 585 F.Supp. 816, 819 (S.D. Ind.1984). Also, the plaintiffs have the burden of demonstrating that this Court has personal jurisdiction over the defendants. *Nelson*, 717 F.2d at 1123; and *International Steel*, 585 F.Supp. at 819.

In resolving the factual disputes in favor of the plaintiffs, the facts are as follows. On March 1, 1984, the plaintiffs, Indiana residents, visited Busch Gardens during a Florida vacation. The defendant, Anheuser-Busch Companies, Inc., is the parent corporation of Busch Entertainment Corporation. Busch Gardens is owned and operated by the Busch Entertainment Corporation. Anheuser-Busch Companies, Inc. also is the parent corporation of Anheuser-Busch, Inc., which distributes the Budweiser products nationwide, including Indiana. Anheuser-Busch, Inc. is licensed to do business in Indiana. However, Anheuser-Busch Companies, Inc. and Busch Entertainment Corporation are not Indiana corporations and are not licensed to do business in Indiana. Although Anheuser-Busch Companies, Inc. and Busch Entertainment Corporation deny doing business in Indiana, Busch Entertainment Corporation conducts an advertising campaign in Indiana, as well as other states, promoting Busch Gardens as a vacation attraction. Finally, it will be assumed that the plaintiffs were aware of Busch Gardens due to the extensive advertising but that no reservations or contacts were made with Busch Gardens prior to the vacation trip.

■ In a diversity case, a federal court may exercise personal jurisdiction over a non-resident defendant only if the state long-arm statute would permit a state court to assert jurisdiction over the defendant. *Giotis*, 800 F.2d at 664–65; *Cote v. Wadel*, 796 F.2d 981, 984 (7th Cir.1986); and *Wallace v. Herron*, 778 F.2d 391, 393 (7th Cir.1985). A two-step process must be employed to determine first whether the Indiana long-arm statute applies to these defendants and second whether requiring the defendants to appear in a federal court sitting in Indiana comports with the due process requirements of the Fourteenth Amendment. *Giotis*, 800 F.2d at 664–65.

The Indiana long-arm statute, Trial Rule 4.4(A) provides in part:

Any person or organization that is a nonresident of this state ... submits to the

jurisdiction of the courts of this state as to any action arising from the following acts committed by him or his agent:

(1) doing any business in this state;

(2) causing personal injury or property damage by an act or omission done within this state;

(3) causing personal injury or property damage in this state by an occurrence, act or omission done outside this state if he regularly does or solicits business or engages in any other persistent course of conduct, or derives substantial revenue or benefit from goods, materials, or services used, consumed, or rendered in this state;

\*　　\*　　\*　　\*　　\*　　\*

Indiana courts have held that Trial Rule 4.4 should be given the broadest possible interpretation and is limited only by the due process clause. *Dura-line Corporation v. Sloan,* 487 N.E.2d 469, 470 (Ind.App.1986); *Radio Picture Show v. Exclusive International Pictures, Inc.,* 482 N.E.2d 1159, 1164 (Ind.App.1985); and *Griese-Traylor Corporation v. Lemmons,* 424 N.E.2d 173, 180 (Ind.App.1981). Since Indiana courts have equated the reach of the long-arm statute with the limits of the due process clause, it is only necessary to review the second part of the two-step analysis. *Griese-Taylor,* 424 N.E.2d at 180; and *Cumis Insurance Society, Inc. v. South-Coast Bank,* 587 F.Supp. 339, 343 (N.D. Ind.1984).

The question of personal jurisdiction over non-resident defendants has risen repeatedly in the federal courts, and the results have not always been consistent. See generally: *Lakeside Bridge & Steel Company v. Mountain State Construction,* 445 U.S. 907, 909, 100 S.Ct. 1087, 1088–89, 63 L.Ed.2d 325, 326 (1980) (Justice White dissenting from the denial of the petition for certiorari); and *Hall's Specialties, Inc. v. Schupbach,* 758 F.2d 214, 215 (7th Cir. 1985). The conflicts among the various federal courts arise due to the unlimited variety of factual settings rather than from a misunderstanding of the applicable law.

In *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984), the Supreme Court stated:

Due process requirements are satisfied when *in personam* jurisdiction is asserted over a non-resident corporate defendant that has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945), quoting *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940). When a controversy is related to or "arises out of" a defendant's contacts with the forum, the Court has said that a "relationship among the defendant, the forum, and the litigation" is the essential foundation of *in personam* jurisdiction. *Shaffer v. Heitner,* 433 U.S. 186, 204, 97 S.Ct. 2569, 2579, 53 L.Ed.2d 683 (1977). Even when the cause of action does not arise out of or relate to the foreign corporation's activities in the forum State, due process is not offended by a State's subjecting the corporation to its *in personam* jurisdiction when there are sufficient contacts between the State and the foreign corporation. (Footnotes omitted) 466 U.S. at 413–14; 104 S.Ct. at 1872.

One of the most frequently cited cases on personal jurisdiction is *World-Wide Volkswagen Corporation v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980) in which the Supreme Court stated:

The concept of minimum contacts, in turn, can be seen to perform two related, but distinguishable, functions. It protects the defendant against the burdens of litigating in a distant or inconvenient forum. And it acts to ensure that the States, through their courts, do not reach out beyond the limits imposed on them by their status as coequal sovereigns in a federal system.

The protection against inconvenient litigation is typically described in terms of "reasonableness" or "fairness." We

have said that the defendant's contacts with the forum State must be such that maintenance of the suit "does not offend 'traditional notions of fair play and substantial justice.'" [Citing *International Shoe* and *Milliken, supra*] The relationship between the defendant and the forum must be such that it is "reasonable ... to require the corporation to defend the particular suit which is brought there." (Citation omitted)

444 U.S. at 291–92; 100 S.Ct. at 564. The Supreme Court concluded that the proper determination should be whether

the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.

444 U.S. at 297; 100 S.Ct. at 567.

See also: *Calder v. Jones,* 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984).

While the inconvenience to the defendants is a primary factor to be considered in determining whether to require them to defend this case in Indiana, another factor which must be considered is whether Indiana has any interest in resolving this dispute. *World-Wide Volkswagen,* 100 S.Ct. at 564; and *Madison Consulting Group v. The State of South Carolina,* 752 F.2d 1193, 1205 (7th Cir.1985). In *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 776–77, 104 S.Ct. 1473–1479, 79 L.Ed.2d 790, 798–99 (1984), the Supreme Court noted that New Hampshire had an interest in requiring an out-of-state defendant to defend a libel action in New Hampshire since the distribution of the offending material occurred within that state. And in *Nelson v. Park Industries, Inc.,* 717 F.2d 1120, 1127 (7th Cir.1983), the Court of Appeals held that it was proper to require a manufacturer who placed a defective product in the stream of commerce to defend a lawsuit filed in the state where the injury occurred.

■ In the instant case, the injury did not occur in Indiana. The defendants are not charged with placing a product in the stream of commerce which caused an injury in Indiana or with maintaining property within Indiana which is in a dangerous or defective condition. Although an Indiana resident was injured, her injuries occurred outside of the state. Florida should have a greater interest than Indiana in determining whether real estate within its state is reasonably safe for tourists. *Madison,* 752 F.2d at 1205; and *Lakeside Bridge & Steel Company v. Mountain State Construction Company,* 597 F.2d 596, 602–03 footnote 11 (7th Cir.1979).

In *Helicopteros Nacionales,* the Supreme Court distinguished "specific jurisdiction," where the defendant's conduct creates the cause of action and confers jurisdiction on the forum state, from "general jurisdiction," where personal jurisdiction is conferred upon the forum state due to the defendant's general contacts with the state rather than the conduct which created the cause of action. *Helicopteros Nacionales,* 104 S.Ct. at 1872 ftnts. 8 and 9. See also: *Giotis,* 800 F.2d at 666 fn. 2. In the instant case, the defendants' conduct within the state consisted of an extensive advertising campaign designed to encourage Indiana residents to visit Busch Gardens. The plaintiffs' cause of action did not arise out of the advertising campaign. For example, the plaintiffs do not allege that the defendants were guilty of false advertising which they relied upon to their detriment. Nor do the plaintiffs allege that they entered into any contractual agreement with the defendants resulting in a contractual dispute. Therefore, Indiana may not exercise "specific jurisdiction" over the defendants.

In determining whether Indiana has "general jurisdiction" over the defendants, it must be determined whether "there are sufficient contacts" with Indiana and whether the defendants "should reasonably anticipate being haled into court" here. *Hall's Specialties,* 758 F.2d at 217. In *Hall's,* the Court of Appeals stated that "[t]o make [the defendant] susceptible to suit in Indiana we believe he would have had to knowingly solicit (in more than a general way) the sale there." Also in *Oddi v. Mariner-Denver, Inc.,* 461 F.Supp. 306

(S.D.Ind.1978), the court concluded that the plaintiff, a victim of bedbugs in the defendant's Denver, Colorado based motel, could not require the defendant to defend a personal injury action in Indiana.

In summary, the only contact which Busch Entertainment Corporation has had with Indiana is its nationwide advertising campaign to encourage people to vacation at Busch Gardens. In the cases where the courts have found the non-resident defendants' contacts with the forum state sufficient to confer jurisdiction, the defendants either have had personal contact with the plaintiff in the forum state, *Wisconsin Electrical Manufacturing Company, Inc. v. Pennant Products, Inc.,* 619 F.2d 676 (7th Cir.1980), *Radio Picture Show,* and *Griese-Traylor,* or have distributed a product which caused an injury within the forum state, *Keeton, Calder,* and *Nelson.* Since the defendants do not come within either category, they could not "reasonably anticipate being haled into court" in Indiana.

Although all of the defendants have been considered collectively, each defendant's contacts with Indiana must be assessed separately. *Gaus v. County of Wells, Indiana,* 620 F.Supp. 1462, 1467 (N.D.Ind. 1985). Anheuser-Busch Companies, Inc., the parent corporation, has another valid objection to being summoned into this Court. "[A] foreign parent corporation will not be subjected to a state's jurisdiction merely because of its ownership of a subsidiary corporation doing business within the state." *Oddi,* 461 F.Supp. at 310 (collecting cases).

Although the plaintiffs have opposed the Motion to Dismiss, they have not requested the transfer of this case to Florida instead of a dismissal. The injury occurred on March 1, 1984. A dismissal of this case may preclude the plaintiffs from initiating another action in Florida due to the statute of limitations. Therefore, in the interest of justice, this case should be transferred to the United States District Court for the Middle District of Florida rather than being dismissed. 28 U.S.C. § 1404(a).

For the foregoing reasons, the Clerk is ORDERED to transfer this matter to the United States District Court for the Middle District of Florida since this Court lacks personal jurisdiction over the defendants.