**CURTIS CONSTRUCTION COMPANY OF THE MIDWEST, INC., and Fred Curtis, Individually, Plaintiffs,**

v.

**VFS, INC., Defendant.**

**Civ. No. F 90–107.**

United States District Court, N.D. Indiana, Fort Wayne Division.

Jan. 2, 1991.

**138**

Roland W. Gariepy, Fort Wayne, Ind., for plaintiffs.

Richard A. Huser, Locke Reynolds, Indianapolis, Ind., for defendant.

## ORDER

WILLIAM C. LEE, District Judge.

This matter is before the court on a motion to dismiss for lack of personal jurisdiction filed by the defendant, VFS, Inc. The parties have fully briefed the issue. For the following reasons the motion to dismiss will be granted.

### Personal Jurisdiction

Due process requires that a trial court acquire personal jurisdiction over a non-resident defendant before it can render a valid judgment against the defendant. *Kulko v. California Superior Court,* 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978). The due process requirements are that the defendant be given adequate notice of the pending suit, *Mullane v. Central Hanover Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), and that the defendant be subject to the personal jurisdiction of the court, *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

Before a court can exercise personal jurisdiction over a non-resident defendant, it must determine that "minimum contacts" exist between the forum state and the non-resident defendant which comport with due process. *Id.* 66 S.Ct. at 158. Minimum contacts exist when maintenance of the suit in question "does not offend 'traditional notions of fair play and substantial justice.'" *Id., quoting Milliken v. Meyer,* 311 U.S. 457, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940). The test is essentially a determination by the forum court as to whether it is reasonable, due to the non-resident defendant's conduct in connection with the forum state, for the non-resident defendant to anticipate being haled into court in the forum state. *World Wide Volkswagen v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

A further inquiry is whether the non-resident defendant purposefully availed himself or itself of the privilege of conducting activities within the forum state. *Shaffer v. Heitner,* 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977). The test for minimum

contacts is flexible and necessarily dependent upon the facts of each case with particular attention to the nature and quality of the contacts. *Lakeside Bridge & Steel Co. v. Mountain State Construction Co.*, 597 F.2d 596 (7th Cir.1979), *cert. denied*, 445 U.S. 907, 100 S.Ct. 1087, 63 L.Ed.2d 325 (1980); *W & W Farms, Inc. v. Chartered Systems Corp.*, 542 F.Supp. 56 (N.D.Ill. 1982).

██ For this court to decide that it has personal jurisdiction over a non-resident defendant, the court must be shown "those affiliating circumstances that are a necessary predicate to any exercise of state court jurisdiction." *World Wide Volkswagen*, 100 S.Ct. at 566. "Unilateral activity of those who claim some relationship with a non-resident defendant cannot satisfy the requirement of contact with the forum state." *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 1239–40, 2 L.Ed.2d 1283 (1958).

██ A federal court acquires jurisdiction in accordance with the long-arm statute of the state in which it sits. In Indiana, the long-arm statute is set forth in Trial Rule 4.4(A) which provides:

**(A) Acts serving as a basis for jurisdiction.** Any person or organization that is a nonresident of this state, a resident of this state who has left the state, or a person whose residence is unknown, submits to the jurisdiction of the courts of this state as to any action arising from the following acts committed by him or his agent:

(1) doing any business in this state;

(2) causing personal injury or property damage by an act or omission done within this state;

(3) causing personal injury or property damage in this state by an occurrence, act or omission done outside this state if he regularly does or solicits business or engages in any other persistent course of conduct, or derives substantial revenue or benefits from goods, materials, or services used, consumed, or entered in this state;

(4) having supplied or contracted to supply services rendered or to be rendered or goods or materials furnished or to be furnished in this state;

(5) owning, using, or possessing any real property or an interest in real property within this state;

(6) contracting to insure or act as surety for or on behalf of any person, property or risk located within this state at the time the contract was made; or

(7) living in the marital relationship within the state notwithstanding subsequent departure from the state, as to all obligations for alimony, custody, child support, or property settlement, if the other party to the marital relationship continues to reside in the state.

Indiana Code, Title 34, Trial Rule 4.4(A).

██ Trial Rule 4.4(A) is applicable to federal courts located in Indiana where the federal courts are sitting in diversity. Federal Rule of Civil Procedure 4(e), 4(d)(7). Trial Rule 4.4(A) is intended to extend Indiana *in personam* jurisdiction to the extent allowed by due process. *Nu–Way Systems v. Belmont Marketing*, 635 F.2d 617 (7th Cir.1980); *Chulchian v. Franklin*, 392 F.Supp. 203 (S.D.Ind.1975), *aff'd* 532 F.2d 757 (7th Cir.1976); *Valdez v. Ford, Bacon & Davis, Texas, Inc.*, 62 F.R.D. 7 (N.D.Ind.1974).

When the issue of personal jurisdiction is raised via a motion to dismiss, the burden of proof rests upon the party asserting jurisdiction. *Wessel Co., Inc. v. Yoffee & Beitman Mgmt. Corp.*, 457 F.Supp. 939, 940 (N.D.Ill.1978). This burden of proof is met by a prima facie showing that jurisdiction is conferred by the long-arm statute. *Neiman v. Rudolf Wolff & Co., Ltd.*, 619 F.2d 1189, 1190 (7th Cir.1980); *O'Hare International Bank v. Hampton*, 437 F.2d 1173, 1176 (7th Cir.1971); *Wessel Co., Inc.*, 457 F.Supp. at 940. In considering a challenge to personal jurisdiction, a court may receive and weigh affidavits, but must construe all facts concerning jurisdiction in favor of the plaintiff, including disputed or contested facts. *Deluxe Ice Cream Co. v. R.C.H. Tool Corp.*, 726 F.2d 1209, 1215 (7th

Cir.1984); *Neiman,* 619 F.2d at 1190; *United States Railway Equipment Co. v. Port Huron & Detroit Railroad Co.,* 495 F.2d 1127, 1128 (7th Cir.1974); *O'Hare International Bank,* 437 F.2d at 1176; *Maurice Sternberg, Inc. v. James,* 577 F.Supp. 882, 885 (N.D.Ill.1984).

■ Following these principles, the court determines the relevant facts to be as follows. Plaintiff, Curtis Construction, is an Indiana corporation and defendant, VFS, Inc., is a Pennsylvania corporation. On or about June 13, 1989, plaintiff entered into a contract with Vac–Hyd Corporation and pursuant to this contract, plaintiff was to perform foundation work for the installation of a vacuum furnace in Compton, California. Defendant, VFS, Inc. had been retained by Vac–Hyd to construct the vacuum furnace for the Compton, California project. Subsequently, Curtis Construction contacted VFS, Inc., both by telephone and by personally visiting the VFS offices in Pennsylvania, resulting in VFS entering into a contract with Curtis Construction whereby Curtis Construction was to install the vacuum furnace for the Compton project. On June 26, 1990, plaintiff sued VFS, Inc., for breach of contract.

In response to defendant's motion to dismiss, plaintiff submitted the affidavit of Fred Curtis. The pertinent portions of this affidavit states as follows:

5. All of the proposals and contracts underlaying [sic] this litigation were drafted in Indiana, based on documents, blue prints and other information sent by Defendants to Indiana.
6. All purchase orders upon which this litigation is based were issued to Plaintiffs in Indiana.
7. Virtually, innumerable telephone conferences were made both from and to Defendants with Plaintiffs in Indiana.

Thus, plaintiff argues that defendant will not be denied due process by being compelled to defend this case in Indiana because defendant contracted with plaintiff, an Indiana resident, to perform work for defendant in the State of California for purposes of economic benefit to defendant and, in pursuit of that objective, mailed various data to plaintiff at his office in Huntington, Indiana.

Defendants, however, assert that plaintiff has not shown that defendant has had sufficient contacts with Indiana such that this court would have jurisdiction over the defendant. Plaintiff has submitted two affidavits in support of their motion to dismiss. When a motion to dismiss is supported by affidavit, the nonmoving party may not rest upon allegations in his pleadings but must set forth specific facts showing that the court has jurisdiction. *International Steel Co. v. Charter Builders, Inc.,* 585 F.Supp. 816, 819 (S.D.Ind.1984); *Oddi v. Mariner–Denver, Inc.,* 461 F.Supp. 306 (S.D.Ind.1978). The nonmoving party's burden is met by a prima facie showing that jurisdiction is conferred by the state long-arm statute. *International Steel Co.,* 585 F.Supp. at 819; *United States v. Montreal Trust Co.,* 358 F.2d 239 (2d Cir.1966). For the purposes of the court making a decision on the motion to dismiss and the nonmoving party's prima facie showing of jurisdiction, any affidavits or other specific evidence of the nonmoving party must be assumed to be true. *International Steel Co.,* 585 F.Supp. at 819; *O'Hare International Bank v. Hampton,* 437 F.2d 1173 (7th Cir.1971).

The affidavit of Fred William Ripley, vice president of engineering for VFS, submitted by the defendant, states in pertinent part:

3. Some time in early 1989, I, on behalf of VFS Corp., was contacted by Fred Curtis of Curtis Construction Company, the plaintiffs in this case.
5. Curtis Construction made several phone calls to VFS Corp. in Pennsylvania and visited the VFS Corp. offices in Pennsylvania with the ultimate culmination of these events resulting in an installation contract between VFS Corp. and Curtis Construction.
6. In response to Curtis' solicitations, Compton project plans and specifications were mailed to Curtis' office in Indiana and some phone calls were made to Curtis. However, neither I, nor any representative of VFS Corp. have ever met

with Curtis Construction in the State of Indiana, nor have I, or any VFS Corp. representative travelled to Indiana in regard to this contract.

Likewise, the affidavit of George C. Scott, president of VFS, states in pertinent part:

4. VFS Corp. had never heard of Fred Curtis or Curtis Construction Company prior to Mr. Curtis' direct solicitation of VFS Corp., which solicitation resulted in an installation contract between VFS Corp. and Curtis Construction. VFS Corp. is a Pennsylvania corporation. We were solicited in Pennsylvania by Mr. Curtis.

5. Paragraphs 5 and 6 of Mr. Curtis' Affidavit suggests that there were "proposals", "contracts", and "purchase orders" generated in connection with the California project which is the subject of this litigation. In fact, Mr. Curtis sent a single proposal pertaining to this job to VFS Corp. in Souderton, Pennsylvania (proposal dated April 3, 1989). Mr. Curtis then traveled to our offices in Pennsylvania to further solicit this project on or about April 27, 1989. At the conclusion of his visit, Mr. Curtis was verbally given a purchase order number. Thereafter, a single purchase order dated May 2, 1989 was issued.

As the three affidavits show, the only activities connecting VFS to Indiana are that VFS sent documents and information to plaintiffs in Indiana and had telephone conferences with plaintiffs. The other facts established by the affidavits are that plaintiff initiated the contact between the parties by contacting VFS in Pennsylvania, plaintiff travelled to VFS' offices in Pennsylvania to solicit the contract which is the subject of this litigation, no representative of VFS Corp. ever met with Curtis Construction Company in the State of Indiana, nor has any representative of VFS Corp. travelled to Indiana in regard to this contract[1], the situs of the job and place of performance of the contract which is the subject of this litigation is in the State of California and, with the exception of Mr. Curtis and his two sons, all parties and witnesses involved in this dispute reside or are domiciled in states other than Indiana and, in fact, many of the witnesses reside in or near the situs of this dispute in Compton, California.

Defendant argues that interstate mailings and telephone calls, the defendant's only contacts with Indiana, are insufficient to form the basis for jurisdiction. Defendant cites *Dura–Line Corp. v. Sloan*, 487 N.E.2d 469 (Ind.App.1986) and *International Steel Co. v. Charter Builders, Inc.*, 585 F.Supp. 816 (S.D.Ind.1984), in support of its argument. In *Dura–Line* the Indiana Court of Appeals held that the Indiana courts did not have jurisdiction over a Kentucky corporation because the out-of-state corporation did not have sufficient contacts with Indiana. The Court reasoned as follows:

Dura–Line is not generally engaged in business here. Its agents did not come to Indiana to offer or negotiate an agreement. Its contact was initiated by Sloan and consisted of interstate mailings and telephone calls. The services performed for it by Sloan were performed in Indiana only to the extent that she might telephone someone in another state from her Indiana home.

\*    \*    \*    \*    \*    \*

The fair characterization of what occurred here is that Dura–Line was solicited by telephone to pay Sloan a commission if she sold its product in Minnesota. Follow up calls concerned the aftermath of the sale. While other activity might have been authorized, there is no contention that it ever occurred. Sloan's call could just as well come from a phone booth at the Denver airport or beside the interstate highway in Illinois. It would have made no difference to Dura–Line or the business activity in question. That is

---

1. Curtis' Affidavit, at Paragraph 11, originally alleged that George Carter, on behalf of VFS, travelled to Indiana with respect to this contract. Plaintiff withdrew that allegation and Paragraph 11 has been ordered stricken from Curtis' Affidavit. (See Magistrate Cosbey's November 7, 1990 Order).

not a sufficient basis upon which to exercise jurisdiction.

487 N.E.2d at 471.

In *International Steel Co.* the Court found that it did not have jurisdiction where the out-of-state corporation's only contacts with Indiana were telephone calls and letters from the corporation to Indiana. The out-of-state corporation did not have an office or agent in Indiana, had never done business here, and had never made or initiated any contact within Indiana. The Court quoted *Caicos Petroleum Service Corp. v. Hunsaker*, 551 F.Supp. 152 (N.D. Ill.1982) and agreed that "were the mere use of interstate telephone systems sufficient to support jurisdiction, any state into which a phone call was directed would be capable of asserting personal jurisdiction over the caller." Similarly, in *U.S. Reduction Co. v. Amalgamet, Inc.*, 545 F.Supp. 401, 403 (N.D.Ill.1982), the district court held that the mailing of a purchase contract to the forum state (and other formalities of contract execution achieved via the mail) and telephone calls to the forum state regarding the contract to be performed in another state was not enough to confer personal jurisdiction on the court.

Plaintiff has not distinguished the cases cited by the defendant, nor has plaintiff argued that the cases do not support defendant's position that this court does not have jurisdiction over the defendant. Rather, plaintiff relies on *McGee v. International Life Ins. Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), and *Gray v. American Radiator & Standard Sanitary Corp.*, 22 Ill.2d 432, 176 N.E.2d 761 (1961) to support its argument that jurisdiction over the defendant is proper. As defendant points out, however, these cases do not support plaintiff's position. In *McGee* the Court based its jurisdiction upon a California statute which allowed all insurance companies doing business in California to be sued in California. VFS has not done business in Indiana, nor is there an Indiana statute which would confer jurisdiction upon VFS by Indiana state courts. In *Gray* the Court held that a Pennsylvania manufacturer was subject to suit in Illinois regarding a water heater which exploded in

Illinois and injured an Illinois resident. The Court found it persuasive that the tortious act occurred within Illinois. In the present case, a contract dispute, rather than a tort claim, is at issue. Furthermore, the subject of the contract claim, the vacuum furnace, is in California. The Court also noted that the product which caused the injury was not the only one of its kind in the state and that the manufacturer was a beneficiary of Illinois law.

Clearly, in the present case the defendant's conduct and connection with Indiana is not such that it would be reasonable for it to have anticipated being haled into court in Indiana. *World Wide Volkswagen v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Defendant did not seek a contractual relationship with the plaintiff, defendant has no presence in Indiana, and defendant did not enter into Indiana to engage in any conduct relating to the subject matter of the suit. Interstate mailings and phone calls which occurred after plaintiffs initiated the contact in this case are not enough to confer jurisdiction. Accordingly, this court finds that it does not have jurisdiction over the defendant, VFS, Inc.

### Conclusion

Based on the foregoing, defendant's motion to dismiss for lack of personal jurisdiction is hereby GRANTED.