**HAROLD HOWARD FARMS,**
**Appellant–Defendant,**

v.

**Herman HOFFMAN, Appellee–Plaintiff.**

**No. 37A03–9107–CV–216.**

Court of Appeals of Indiana,
Third District.

Jan. 21, 1992.

contended were in issue and referencing the relevant evidence in support of those allega-

tions.

Michael D. O'Neall, O'Neall & O'Neall, Remington, for appellant-defendant.

Donald W. Shelmon, Randle & Shelmon, Rensselaer, for appellee-plaintiff.

HOFFMAN, Judge.

Appellant-defendant Harold Howard Farms (Howard) appeals an adverse judgment in favor of appellee-plaintiff Herman Hoffman (Hoffman). Howard conducts a business in Remus, Michigan. Herman Hoffman is a resident of Indiana. Howard raises two issues for review, one of which is dispositive: whether the trial court erred in determining that Indiana courts acquired personal jurisdiction over the appellant.

The facts relevant to the appeal disclose that Howard and Hoffman are each in the business of buying, selling, trading, and breeding horses. Because each had attended and judged horse shows in surrounding states, Howard and Hoffman had an acquaintanceship prior to the incident upon which this suit is based.

Howard advertised breeding services in a national quarter horse journal. On May 25, 1984, Hoffman telephoned Howard to inquire about breeding a mare, Jessica Cody, owned by Hoffman. After further negotiations by telephone, Hoffman tele-

phoned Howard on May 26, 1984 to state that if the terms were acceptable he would deliver Jessica Cody and her nursing foal to Howard.

When Hoffman delivered the mare and the foal to Howard, the two discussed the terms of the agreement they had reached previously through telephone communications. Howard's wife produced a form contract which, after writing special terms on the face of the document, was executed by the parties at Howard's farm in Michigan.

Hoffman informed Howard that contact with Hoffman would be difficult because he was going to be traveling on business. When Howard ascertained that Jessica Cody was in foal, Howard attempted without success to contact Hoffman to inform him and request that Hoffman retrieve Jessica Cody and the foal. Howard then sent written notification to Hoffman informing him to retrieve the horses.

Hoffman contacted Howard upon his return from the business trip. The dispute which is the subject of the lawsuit arose thereafter. Hoffman instituted suit in Indiana on August 22, 1985. In November 1985, Howard filed a motion to dismiss challenging personal jurisdiction. The trial court held a hearing on the motion in December 1985.

The trial court determined that the practices in the business of breeding livestock are unique because breeders do not move their livestock, those desirous of utilizing the breeders' services must deliver and entrust their livestock to the breeders, breeders depend upon advertisements in national publications and breeders often participate in intrastate livestock shows as judges as a manner of advertising and soliciting business. As a consequence, the trial court determined:

"[T]hat in the specialty area of breeding of livestock, that the Defendant's contacts, herein, were sufficient to give Indiana jurisdiction over the issues. That the contract was made in the State of Indiana and that by the Defendant returning phone calls, and entering negotiations pursuant to phone calls, based on

representations made at shows and through advertisements in national and regional journals, that he had subjected himself to jurisdiction of the Indiana Courts."

By the time of the trial in December 1990, Hoffman was a resident of Texas. After a trial without the intervention of a jury, a judgment was awarded to Hoffman. This appeal ensued.

 A party challenging jurisdiction must establish the challenge by a preponderance of the evidence unless lack of jurisdiction is apparent on the face of the complaint. *Alberts v. Mack Trucks, Inc.* (1989), Ind.App., 540 N.E.2d 1268, 1270. Because jurisdiction is presumed in Indiana and need not be alleged in the complaint, the plaintiff's burden to come forward with evidence which would establish jurisdiction does not arise until a challenge by the defendant. *Id.*

Ind. Trial Rule 4.4(A) includes provisions for finding that nonresidents have submitted to the jurisdiction of Indiana courts. The rule states in pertinent part:

"Acts Serving as a Basis for Jurisdiction. Any person or organization that is a nonresident of this state, a resident of this state who has left the state, or a person whose residence is unkown, submits to the jurisdiction of the courts of this state as to any action arising from the following acts committed by him or his agent:
(1) doing any business in this state[.]"
T.R. 4.4(A)(1).

Due process requires that the defendant have certain minimum contacts with the forum state such that maintenance of the suit will not offend the traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington* (1945), 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95. Minimum contacts are required to assure that the defendant has purposefully availed itself of the jurisdiction of the forum state. *Hanson v. Denckla* (1958), 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283.

This Court outlined the factors to be considered when determining whether fair play and substantial justice would be served by a finding that the defendant has subjected itself to the jurisdiction of the courts of the forum state:

"(1) The nature and quality of the contacts with the forum state; (2) the quantity of contacts with the state; (3) the relationship between those contacts and the cause of action; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties.... The first three are the primary factors in determining whether *International Shoe* standards are met. [Citation omitted.]"

*Tietloff v. Lift–A–Loft Corp.* (1982), Ind. App., 441 N.E.2d 986, 989.

In the present case, the trial court determined that the advertisements, the telephone communications, Howard's business trips to Indiana, and the nature of the horse breeding business established the minimum contacts necessary for personal jurisdiction. An analysis of these circumstances as applied to the foregoing factors is required.

 It is undisputed that Howard advertised breeding services in national and Michigan publications. Hoffman incorrectly contends that pursuant to the decision in *Woodmar Coin Center, Inc. v. Owen* (1983), Ind.App., 447 N.E.2d 618, 619–621, advertisements in national publications which led to telephone conversations between the Indiana plaintiff and the Texas defendant satisfied the minimum contacts requirements. First, it should be noted that the decision recited three reasons for a determination that personal jurisdiction should be had over the Texas defendant; the advertisement placed by the Indiana plaintiff in a national journal was not included as a reason. Second, an obvious distinction between the present case and *Woodmar* is that personal jurisdiction over the Texas defendant who answered the advertisement was sought by the Indiana plaintiff who placed the advertisement. Finally, the decision in *Woodmar* is of questionable efficacy. Although on appeal it was determined that telephone conversations and contract negotiations provided a basis for Indiana courts to exercise person-

al jurisdiction over the Texas defendant in a breach of contract action, this Court found that any error in dismissing the action against the Texas defendant was harmless, inasmuch as the statute of frauds would preclude recovery by the Indiana plaintiff. In short, the discussion of personal jurisdiction was *obiter dicta* and the decision was not based upon the national advertisements.

■ Also, Hoffman contends that Howard's advertisements in local Michigan journals which Hoffman received at his home in Indiana stand as another contact between Howard and Indiana.[1] Such is not the case. Although it is not inconceivable that Indiana residents would subscribe to a Michigan publication, to hold that an advertiser in a Michigan publication has made a significant contact with an Indiana subscriber through the advertisement stretches the bounds of due process. *See Curtis Management Group v. Academy of Motion Picture Arts and Sciences* (S.D.Ind.1989), 717 F.Supp. 1362, 1365–1367 (California seller of posters did not have sufficient minimum contacts with Indiana where no showing that seller knew or should have known that New York distributor who purchased posters would sell posters in Indiana).

■ Hoffman's argument that Howard's presence in Indiana to serve as a judge at horse shows on three occasions within a two-year period establishes a contact with Indiana so as to bestow jurisdiction upon the Indiana courts is no more compelling. Hoffman testified that he was acquainted with Howard because of their attendance at horse shows. However, Hoffman testified that he became acquainted with Howard in Kentucky. Also, no discussions regarding the contract at issue occurred at a horse show. Thus, Howard's judging at horse shows bore no connection to the instant case. Under the circumstances of this case, the fact that people in the business of breeding, buying and selling horses

participate in horse shows to promote business does not establish Howard's contact with Indiana for the purpose of personal jurisdiction.

■ Further, the telephone communications between Hoffman and Howard, initiated by Hoffman, do not constitute sufficient contact. The telephone calls were placed from both Indiana and Michigan. Neither state would have a superior claim to personal jurisdiction based upon those communications.

Finally, it is undisputed that Hoffman took Jessica Cody and her foal to Howard's farm in Michigan, the finalization of the contract negotiations occurred in Michigan, and the contract was executed in Michigan. The present case does not bear the minimum contacts required so as not to offend " 'traditional notions of fair play and substantial justice.' " *See Tietloff, supra,* 441 N.E.2d at 989 (citations omitted); *see also Curtis Const. Co. of the Midwest, Inc. v. VFS, Inc.* (N.D.Ind.1991), 754 F.Supp. 137, 142 (Pennsylvania corporation did not have sufficient minimum contacts with Indiana to grant personal jurisidiction where corporation did not seek contractual relationship with Indiana plaintiff, had no presence in Indiana, did not enter Indiana to engage in any conduct relating to the subject of the lawsuit and telephoning held insufficient).

Keeping in mind that current technology and business practices allow far-reaching business contacts absent more traditional personal contact which substantially complicates the issue of personal jurisdiction, this Court is unprepared to cast out the due process considerations attendant to personal jurisdiction. Consequently, the trial court erred in finding that personal jurisdiction exists based in large part upon the type of business in which the parties were engaged. The court's discussion of the requisite minimum contacts is premised upon its finding that livestock breeding is unique. Difficulty in sorting out the na-

---

1. It should be noted that in Hoffman's brief of appellee he asserts that Howard personally mailed copies of the Michigan journal to Hoffman in Indiana. The record citation accompanying the factual assertion within the brief indicates only that Hoffman testified that "he" mailed copies of the journal to Hoffman's Indiana residence. "He" is not identified, and the passage does not contain any reference to Howard.

**22**

ture, quantity and quality of contacts, and the desirability of providing a forum to a former resident of this state should not blunt the force of due process.

Here jurisdiction was based upon an advertisement placed by the defendant and the defendant's act of returning telephone calls initiated by a resident of the forum state. An examination of the circumstances as a whole reveal that personal jurisdiction was not acquired in Indiana; the parties became acquainted in Kentucky, the parties participated in intrastate horse shows, no discussions of the subject matter of this lawsuit occurred at horse shows at which Howard appeared in Indiana, Hoffman initiated the business relationship at issue based upon advertisements by Howard, Hoffman delivered Jessica Cody and the foal to Howard in Michigan, and the contract was executed in Michigan.

Accordingly, the trial court erred in finding that Indiana acquired personal jurisdiction over Howard. The judgment in favor of Hoffman must be reversed with instructions to dismiss the action in Indiana.

Reversed.

GARRARD and SHARPNACK, JJ., concur.