Yvonne BROKEMOND and Jerry Brokemond, Appellants–Plaintiffs,

v.

MARSHALL FIELD & COMPANY, Appellee–Defendant.

No. 37A03–9208–CV–243.

Court of Appeals of Indiana, Third District.

April 12, 1993.

Max Cohen, Cohen & Thiros, Merrillville, for appellants-plaintiffs.

Joseph Stalmack, Jr., Galvin, Stalmack & Kirschner, Hammond (Douglas L. Prochnow, Jeanne E. Walker, Wildman, Harrold, Allen & Dixon, Chicago, IL, of counsel), for appellee-defendant.

HOFFMAN, Judge.

Appellants-plaintiffs Yvonne Brokemond and Jerry Brokemond appeal from a judgment granting appellee-defendant Marshall Field & Company's (Field) motion to dismiss for lack of personal jurisdiction in a negligence action. The Brokemonds are residents of Indiana. Field is a Delaware corporation with its principal place of business in Illinois.

The facts relevant to the appeal disclose that the Brokemonds filed a negligence claim against Field for personal injuries Yvonne allegedly sustained at Field's retail store in Calumet City, Illinois, on September 18, 1989. The Brokemonds' complaint alleged that Yvonne ingested bits of broken glass while eating a salad in Field's restaurant.

Field filed a motion to dismiss the Brokemonds' complaint alleging lack of personal jurisdiction under Ind.Trial Rule 12(B)(2) together with the affidavit of Michael Wahlig. The substance of Wahlig's affidavit states that Field is not licensed to do business in Indiana; maintains no stores or offices in Indiana; has no registered agent in Indiana; has no tax identification number from Indiana; and has no telephone facilities, bank accounts, or property in Indiana.

In response, the Brokemonds filed various discovery requests seeking information regarding the volume of business transacted with Indiana residents, credit cards issued to Indiana residents, and Field's advertisement in Indiana. Field objected to the Brokemonds' request as being overly broad, unduly burdensome, and irrelevant. Thereafter, the Brokemonds filed a motion to compel. The Brokemonds also filed the affidavit of Max Cohen, their attorney, to support their motion to compel discovery. The affidavit stated that Field in Calumet City, Illinois has a Hammond, Indiana telephone number; Indiana residents purchased merchandise from the Calumet City Field and if Indiana customers had the merchandise shipped to Indiana, they had to pay a five percent Indiana sales tax; Field is less than two miles from the Indiana state border; and Field's trucks made deliveries to Indiana residents. The court heard arguments on both Field's motion to dismiss and the Brokemonds' motion to compel discovery on May 28, 1992. The court denied the Brokemonds' motion and granted Field's motion to dismiss finding that it lacked personal jurisdiction over Field. This appeal ensued.

Appellants raise two issues for review:
(1) whether sufficient minimum contacts exist under Indiana's "Long Arm" statute, Ind.Trial Rule 4.4(A), to find that Field has submitted to personal jurisdiction in Indiana; and
(2) whether the trial court correctly denied appellants' motion to compel discovery.

A party challenging jurisdiction must establish that no jurisdiction exists by a preponderance of the evidence unless lack of jurisdiction is apparent on the face of the complaint. *Harold Howard Farms v. Hoffman* (1992), Ind.App., 585 N.E.2d 18, 20. Because jurisdiction is presumed in Indiana and need not be alleged in the complaint, the plaintiff's burden to come forward with evidence which would establish jurisdiction does not arise until challenged by the defendant. *Id.*

To determine if a nonresident defendant's contacts with the forum state are sufficient to confer personal jurisdiction, a two-part analysis is required. First, the court must determine if the state's long arm statute authorizes the exercise of jurisdiction over the defendant; and second, it must determine whether asserting jurisdiction over the defendant would offend the due process clause of the Fourteenth Amendment. *Szakacs v. Anheuser–Busch Companies Inc.* (N.D.Ind.1986), 644 F.Supp. 1121, 1122; *Tietloff v. Lift–A–Loft Corp.* (1982), Ind.App., 441 N.E.2d 986, 988.

T.R. 4.4(A), Indiana's "Long Arm" statute, provides that a nonresident may be subject to the jurisdiction of Indiana courts if certain conditions are met. In particular, T.R. 4.4(A)(1) provides:

"Any person or organization that is a nonresident of this state, a resident of this state who has left the state, or a person whose residence is unknown, submits to the jurisdiction of the courts of this state as to any action arising from the following acts committed by him or his agent:

(1) doing any business in this state[.]"

Indiana courts have held that the statute is intended to extend personal jurisdiction to the limits permitted under the due process clause of the Fourteenth Amendment. *Dura–Line Corp. v. Sloan* (1986), Ind. App., 487 N.E.2d 469, 470; *Radio Picture Show v. Exclusive Intern. Pic.* (1985), Ind. App., 482 N.E.2d 1159, 1164, *trans. denied.* Hence, we need not perform the two-part analysis. Rather, we must determine the outer limits of what due process permits. *Tietloff,* 441 N.E.2d at 989.

Due process requires that the defendant have certain minimum contacts with the forum state such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington* (1945), 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102. Minimum contacts are required to assure that a defendant has purposefully availed itself to the jurisdiction of the forum state. *Hanson v. Denckla* (1958), 357 U.S. 235, 253, 78 S.Ct. 1228, 1239–1240, 2 L.Ed.2d 1283, 1298. Additionally, when a cause of action arises from the defendant's contacts with the forum state, less is required to support jurisdiction than when the cause is unrelated to those contacts. *Oddi v. Mariner–Denver, Inc.* (S.D.Ind.1978), 461 F.Supp. 306, 309. If a plaintiff's injury does not arise out of the defendant's contacts with the forum state, then the other contacts between the defendant and the state must be fairly extensive to confer jurisdiction. *Id.* If an injury does not occur in the forum and the other contacts of the defendant with the forum are minimum, jurisdiction is generally not proper. *Id.*

This Court has previously outlined the factors to be considered when determining whether "fair play and substantial justice" would be served by finding that a defendant has subjected itself to the jurisdiction of the forum state:

"(1) The nature and quality of the contacts with the forum state; (2) the quantity of contacts with the state; (3) the relationship between those contacts and the cause of action; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties.... The first three are the primary factors in determining whether *International Shoe* standards are met. [Citation omitted.]"

*Tietloff,* 441 N.E.2d at 989.

In the present case, any contacts that Field may have with the State of Indiana are unrelated to the Brokemonds' negligence claim. Hence, Field's contacts with Indiana, the forum, must be substantial.

The Brokemonds contend other factors are present which are sufficient to confer jurisdiction over Field: (1) advertising in Indiana; (2) delivering merchandise to Indiana residents; (3) collecting state sales tax on merchandise shipped to Indiana; (4) distributing credit cards to Indiana residents; and (5) the proximity of Field's Calumet City, Illinois store to the Indiana border.

The courts have frequently held that advertising in the forum state is insufficient to confer jurisdiction over a nonresident.

> *See, e.g., Bayles v. K–Mart* (D.D.C.1986), 636 F.Supp. 852, 855–856 (advertising and maintenance of a registered agent for receipt of process insufficient contacts to secure jurisdiction over a nonresident);
>
> *Szakacs*, 644 F.Supp. at 1123 (no personal jurisdiction when only contacts with forum state consist of extensive campaign designed to encourage forum residents to visit out-of-state attraction);
>
> *Oddi*, 461 F.Supp. at 309–310 (advertising and soliciting in Indiana insufficient to confer jurisdiction over nonresident since unrelated to tort claim);
>
> *Harold Howard Farms*, 585 N.E.2d at 20–22 (advertisement and telephone calls insufficient to sustain jurisdiction over nonresident).

Thus, advertising on the part of Field, even if substantial, is insufficient to confer jurisdiction.

The fact that Field delivers merchandise to Indiana, collects Indiana sales tax on that merchandise, and may or may not have an Indiana tax identification number are also collectively too remote from the wrongs alleged by the Brokemonds to warrant an Indiana court exercising jurisdiction over Field. Furthermore, we cannot agree that the issuance of Field's credit cards to Indiana residents confers the trial court with personal jurisdiction over Field. If we were to so hold, Field and other retail stores and credit card companies would then be susceptible to suit in all fifty states.

Additional factors we must consider in determining whether Field should be required to defend its case in Indiana are the convenience to the defendant and whether Indiana or Illinois has a greater interest in resolving the dispute. *See Szakacs*, 644 F.Supp. at 1124. In *Szakacs*, an Indiana resident was injured at an amusement park while on vacation in Florida. The court in granting the defendant's motion to dismiss for lack of personal jurisdiction concluded that Florida, the site of the injury, had a greater interest than Indiana in determining whether or not real estate within its boundaries was reasonably safe for visitors. *Id.* 1125. Likewise, we believe that the state of Illinois, not Indiana, has a greater interest in determining if food served within its boundaries is reasonably safe for consumption. Moreover, virtually all relevant acts in the Brokemonds' negligence claim have occurred in Illinois.

Due process considerations preclude the assertion of jurisdiction under the circumstances of this case. Accordingly, the trial court's grant of Field's motion to dismiss for lack of personal jurisdiction was proper. As for the denial of the Brokemonds' motion to compel, even if the requested information was favorable to the Brokemonds' position, the contacts would be insufficient to confer personal jurisdiction over Field. The trial court correctly denied the Brokemonds' motion to compel.

The judgment of the trial court is affirmed.

Affirmed.

GARRARD and MILLER, JJ., concur.