WOODMAR COIN CENTER, INC., Appellant (Plaintiff Below),

v.

Rigby OWEN, Jr., Appellee (Defendant Below).

No. 4–982A266.

Court of Appeals of Indiana, Fourth District.

March 31, 1983.
Rehearing Denied May 12, 1983.

---

Robert F. Parker, Beckman, Kelly and Smith, Hammond, for appellant.

M. Royce Galvin, Galvin, Stalmack & Kirschner, Hammond, for appellee.

CONOVER, Judge.

Woodmar Coin Center, Inc. (Woodmar) appeals the trial court's entry of summary judgment in favor of defendant-appellee Rigby Owen, Jr. (Owen).

We affirm.

## ISSUES

1. Did the receiving court err by considering the same personal jurisdiction question decided by the venuing court prior to a change of venue?

2. Did Owen have sufficient "minimum contacts" with the State so as to permit the exercise of personal jurisdiction?

3. Does the statute of frauds bar Woodmar's claim?

## FACTS

Woodmar is an Indiana corporation doing business in Lake County. During the week of March 13, 1980, Woodmar advertised certain silver coins it had for sale in the Wall Street Journal. Owen, a resident of Texas, phoned Woodmar regarding the ad. The parties conducted substantial negotiations during several phone calls, each party initiating some of the calls. They agreed on the price of the coins, the method by which Owen was to inspect the coins, and the manner of payment. When the coins were shipped to Owen's bank for inspection, as agreed, Owen decided the coins were not in as good condition as represented and sent them back to Woodmar.

Woodmar filed a complaint against Owen in Lake County, claiming breach of contract. Owen then filed a motion to dismiss for lack of personal jurisdiction. The judge

denied the motion due to a factual dispute concerning the nature of the contacts Owen had with the State. The case was venued to Porter County. After discovery, Owen moved for summary judgment claiming a lack of personal jurisdiction and Woodmar's case was barred by the statute of frauds. The trial court granted the motion on both issues. Woodmar appeals.

## DISCUSSION AND DECISION

### I. Law of the Case

■ Woodmar argues the receiving court erred by granting summary judgment in favor of Owen because of lack of personal jurisdiction since Owen's motion to dismiss on those grounds had been denied by the forwarding court prior to the change of venue. It claims the prior ruling was the law of the case and the question should not have been reconsidered by the receiving court. We find no merit in this argument.

In *McLaughlin v. American Oil Co.,* (1979) Ind.App., 391 N.E.2d 864, the court faced a similar situation. In that case, the Lake Superior Court overruled a motion for summary judgment. After a change of venue, the LaPorte Circuit Court granted a second motion for summary judgment. On appeal, McLaughlin argued the first ruling was the law of the case. We responded, saying

A similar argument was laid to rest in *State ex rel. Williams Coal Co. v. Duncan, Judge* (1937), 211 Ind. 203, at 207, 6 N.E.2d 342, at 343–344, wherein our Supreme Court specifically stated that the ruling of the first judge who exercises jurisdiction does not become the law of the case. Moreover, the court noted that the judge who later has jurisdiction is duty-bound to exercise his judicial discretion "as though the matter were presented for the first time." 211 Ind. 203, 6 N.E.2d at 344.

*Id.* at 865.

Here, too, the trial court was "duty-bound" to consider the personal jurisdiction issue despite the other court's prior ruling. To do so was not error.

### II. Personal Jurisdiction

Next, Woodmar argues the trial court erred by granting Owen's motion for summary judgment on the grounds it lacked personal jurisdiction over him. Woodmar claims Owen had sufficient "minimum contacts" with the State so as to constitute "doing business" under our "long-arm statute", Ind.Rules of Procedure, Trial Rule 4.4. We agree, but find the error was harmless.

■ Our standard of review on summary judgment issues is well known. When reviewing the trial court's entry of summary judgment, this court must determine whether there is any genuine issue as to a material fact and whether the moving party is entitled to judgment as a matter of law. This court must accept those facts alleged by the nonmoving party and resolve conflicts against the moving party. Summary judgment is inappropriate if the trial court must weigh conflicting evidence to reach a decision. *Barnd v. Borst,* (1982) Ind.App., 431 N.E.2d 161. "While summary judgment is a desirable tool to allow the trial court to dispose of cases where only legal issues exist, it may not be used as a substitute for trial in determining factual disputes." *Clipp v. Weaver,* (1982) Ind. App., 439 N.E.2d 1189, 1190.

■ Here, the trial court entered findings of fact regarding the contacts Owen had with Indiana. However, in arriving at these conclusions, the trial court weighed conflicting evidence regarding the nature and content of the phone calls between the parties. Woodmar presented an affidavit which stated the parties entered into a contract for the sale and purchase of the coins. Owen stated only an agreement to inspect was reached. The trial court found Owen refused to agree to purchase without inspecting the coins first. By so holding, it made a finding by weighing the conflicting evidence on a material issue of fact, i.e., the existence of a contract to purchase. This was error.

■ Even if the trial court had properly construed the facts most favorable to Woodmar, however, Owen would not have

been entitled to a judgment as a matter of law on this issue. Judge Sullivan recently summarized the ingredients of due process and "minimum contacts" in *Tietloff v. Lift-A-Loft Corp.,* (1982) Ind.App., 441 N.E.2d 986:

> To exercise jurisdiction consonant with due process over a non-resident defendant, "certain minimum contacts" must exist between the non-resident defendant and the forum "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington* (1945) 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 *quoting Milliken v. Meyer* (1940) 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278. A mechanical or quantitative evaluation of a defendant's activities in a state cannot resolve the question of the reasonableness of the exercise of personal jurisdiction. Rather, it depends upon the quality and nature of the defendant's activity in relation to the matter under litigation. *Hutson v. Fehr Bros.* (8th Cir.1978) 584 F.2d 833 (construing Arkansas law). The facts of each case must be weighed. At a minimum, the court must find "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla* (1958) 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283. The inquiry focuses not only upon the quantity, quality and nature of the defendant's activities but also upon the relationship of those activities and the forum. *Rush v. Savchuk* (1980) 444 U.S. 320, 100 S.Ct. 571, 62 L.Ed.2d 516; *Kulko v. California Superior Court* (1978) 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132; *Shaffer v. Heitner* (1977) 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683. The focus is on the defendant's activities within the forum state, not on those of the plaintiff. *World Wide*

*Volkswagen v. Woodson* (1980) 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490.

> The factors to be considered in determining whether fair play and substantial justice standards have been met may be summarized as follows: (1) The nature and quality of the contacts with the forum state; (2) the quantity of contacts with the state; (3) the relationship between those contacts and the cause of action; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties. *See Aftanase v. Economy Baler Co.* (8th Cir.1965) 343 F.2d 187, 197. The first three are the primary factors in determining whether *International Shoe* standards are met. *Id.*

*Id.* at 989.

Woodmar alleges three key facts established sufficient "minimum contacts" to permit the exercise of personal jurisdiction by the trial court over Owen: (1) Owen's two phone calls to it which initiated the relationship, (2) the substantial negotiations conducted between the parties, and (3) the contract to purchase entered into by the parties. It claims these are sufficient to permit the court to exercise personal jurisdiction over Owen. We agree.

Owen purposely availed himself of the benefits and responsibilities of doing business in this State by soliciting, negotiating and forming a contract with an Indiana resident. The trial court erred by entering summary judgment for Owen on this issue. However, this error was harmless in light of our ruling on the statute of frauds question below.

### III. Statute of Frauds

█ Finally, Woodmar argues the trial court erred in entering summary judgment against it by holding its claim was barred by the statute of frauds.[1] It claims Owen

---

1. Ind.Code 26–1–2–201 provides in part:

   (1) Except as otherwise provided in this section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom

admitted the existence of the contract to purchase and thus it falls within one of the exceptions to the application of the statute. Ind.Code 26–1–2–201(3)(b).[2]

In his deposition, his affidavit in support of his motion to dismiss, and his answers to interrogatories, Owen stated the parties discussed the price of the coins, their quality, his right to inspect the coins prior to agreeing to purchase, the location of the coins for inspection, the place of delivery of the coins, and the manner of payment if he found the quality satisfactory. In effect he only admits the parties agreed to make and allow inspection. Agreement to purchase would occur only if quality was satisfactory. Therefore, he did not admit the existence of a contract to purchase. The claim does not fall within any exception to the statute of frauds. The trial court correctly entered summary judgment against Woodmar as to this issue.

Judgment affirmed.

YOUNG, P.J., and MILLER, J., concur.

enforcement is sought or by his authorized agent or broker.

. . . .

(3) A contract which does not satisfy the requirements of subsection (1) but which is valid in other respects is enforceable

. . . .

(b) if the party against whom enforcement is sought admits in his pleading, testimony or otherwise in court that a contract for sale was made, but the contract is not enforceable under this provision beyond the quantity of goods admitted; . . . .

2. There is no dispute the coins were valued over $500 and there was no writing memorializing any agreement.