**DURA–LINE CORP.,**
**Defendant-Appellant,**

v.

**Joie SLOAN, Plaintiff-Appellee.**

No. 3–785A166.

Court of Appeals of Indiana,
Third District.

Jan. 15, 1986.

Brian L. Burchett, Cohen, Foss, Schuman & Drake, East Chicago, for defendant-appellant.

Kenneth A. Manning, James, James & Manning P.C., Dyer, for plaintiff-appellee.

GARRARD, Judge.

Sloan commenced this action in the Lake Circuit Court to recover certain commissions. Dura-Line filed a TR 12(B)(2) motion asserting the court lacked personal jurisdiction. The court denied the motion but certified an interlocutory appeal.

Jurisdiction of Dura-Line is predicated upon the long arm provision of TR 4.4(A)(1) permitting jurisdiction of an action arising from doing any business in this state. The purpose of the provision is to extend jurisdiction to the boundaries permitted by the due process clause of the fourteenth amendment. *Griese-Traylor Corp. v. Lemmons* (1981), Ind.App., 424 N.E.2d 173.

Even so, due process does require certain minimum contact between the defendant and the state before jurisdiction may be exercised. *International Shoe Co. v. Washington* (1945), 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95. Two purposes are served by the rule. First, the concept of fairness requires that the defendant's contacts be such that maintenance of the suit does not offend traditional notions of fair play and substantial justice. Secondly, the restrictions are a consequence of territorial limitations on the power of the respective states and serve to promote the constitutional system of interstate federalism. *World-Wide Volkswagen Corp. v. Woodson* (1980), 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490.

The first purpose is usually analyzed on the basis of whether the burden imposed upon the defendant comports with the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies and the shared interest of the several states in furthering fundamental substantive social policies. 444 U.S. at 293, 100 S.Ct. at 565.

In order to meet the minimum contact standard it is said that the defendant's conduct and connection with the forum should be such that he should reasonably anticipate being haled into court there; unilateral activity by those claiming some relationship with a nonresident defendant cannot satisfy the contact requirement. *World-Wide Volkswagen Corp., supra; Tietloff v. Lift-A-Loft Corp.* (1982), Ind. App., 441 N.E.2d 986. As the Court stated in *Hanson v. Denckla* (1958), 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 and quoted with approval in *Tietloff,* at minimum the court must find "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws."

In the present case affidavits filed by the parties disclose that Dura-Line is a Kentucky corporation whose principal office is in Middlesboro, Kentucky. It does not regularly do business in Indiana and has no office here. While there have been a few transactions in Indiana in the past, they are not related to the instant claim.

Sloan's claim is based upon an alleged agreement to pay her a commission on the sale of Dura-Line's products. The agreement arose while she was engaged in pre-

paring a sales presentation to Northwestern Bell Telephone Company in Minneapolis, Minnesota. She telephoned Dura-Line in Kentucky from her home in Indiana and inquired whether Dura-Line would pay her a commission if she succeeded in having Northwestern Bell purchase Dura-Line's thin wall innerduct. Dura-Line responded that it would. She again called Dura-Line by telephone to report her success with Northwestern Bell and a 5% commission was agreed upon. Within a week Dura-Line mailed a letter to her in Indiana indicating it would compensate her for future sales she might make. Enclosed with that letter was a handwritten set of notes concerning people whom Dura-Line felt were contacts. This list of names included people from numerous states and contained the name of one person in Indiana.

Thereafter it appears that Dura-Line made several telephone calls to Sloan in Indiana to discuss installation scheduling on the Northwestern Bell job. Sloan would then contact Northwestern Bell to coordinate installation of Dura-Line's product or to request an extension or delay.

Nothing in the agreement between Dura-Line and Sloan required her to refer potential buyers to Dura-Line rather than its competitors nor was she required to exert any effort on its behalf. There is no assertion that she solicited sales of its products from any potential buyers in Indiana. She did receive checks from Dura-Line through the mails. On one occasion after attending a trade show in Chicago, John Shaffner, vice-president of Dura-Line, made a social visit to Sloan's home in Dyer, Indiana. During the visit Shaffner and Sloan apparently had some conversation concerning potential customers and contact persons.

█ We are mindful of the intent to extend our jurisdiction to the limits permissible as well as the fact that modern means of communication, transportation and business operation add to the reasonableness of permitting litigation to occur in one of several forum states. Nevertheless, we do not believe the contacts in this case are such as to permit Indiana courts to exercise jurisdiction over the person of Dura-Line.

Dura-Line is not generally engaged in business here. Its agents did not come to Indiana to offer or negotiate an agreement. *See, e.g., Tietloff, supra; Griese-Traylor Corp., supra.* Its contact was initiated by Sloan and consisted of interstate mailings and telephone calls. The services performed for it by Sloan were performed in Indiana only to the extent that she might telephone someone in another state from her Indiana home.

The closest case to the present one that we find in Indiana which finds jurisdiction is *Woodmar Coin Center, Inc. v. Owen* (1983), Ind.App., 447 N.E.2d 618. There an Indiana seller brought suit in Indiana against a Texas buyer of a coin collection. The Court of Appeals held that the trial court had correctly granted summary judgment for the defendant, but stated the trial court had incorrectly determined it lacked personal jurisdiction.

Assuming *Woodmar* correctly found jurisdiction to exist, the circumstances there are more strongly supportive of jurisdiction than those here. There the contact with the Indiana resident was initiated by the Texan. It concerned the sale of tangible personalty that was situated in Indiana and was then shipped to Texas and returned.

The fair characterization of what occurred here is that Dura-Line was solicited by telephone to pay Sloan a commission if she sold its product in Minnesota. Follow up calls concerned the aftermath of the sale. While other activity might have been authorized, there is no contention that it ever occurred. Sloan's call could just as well come from a phone booth at the Denver airport or beside the interstate highway in Illinois. It would have made no difference to Dura-Line or to the business activity in question. That is not a sufficient basis upon which to exercise jurisdiction.

Reversed and remanded with instructions to grant Dura-Line's motion to dismiss for lack of personal jurisdiction.

Reversed and remanded.

STATON, P.J., and HOFFMAN, J., concur.